UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID D. SCHUMANN, KEITH W.  :
SCHUMANN, and HEIDI SCHUMANN, :   3:11cv888 (WWE)
    Plaintiffs,  :
                                :
v.  :
                                :
DOUGLAS D. SCHUMANN and  :
P-Q CONTROLS,  :
    Defendants.  :

**MEMORANDUM OF DECISION ON PENDING MOTIONS**

In this action, plaintiffs David D. Schumann, Keith W. Schumann and Heidi Schumann allege that defendant Douglas D. Schumann has abused his position as President, Chairman of the Board of Directors ("Board") and majority shareholder of P-Q Controls, Inc. ("P-Q") by engaging in unauthorized, self-dealing transactions with defendant P-Q.

Plaintiffs allege claims of fraud and breach of fiduciary duty against defendant Schumann, and request appointment of a receiver and judicial dissolution of P-Q pursuant to Connecticut General Statutes § 33-896. Defendants have filed a motion to dismiss and a motion to purchase shares.

For the following reasons, the motion to dismiss will be granted in part and denied in part. The motion to purchase shares will be granted because the Court will order that defendant P-Q may exercise its statutory right to elect to purchase shares pursuant to Connecticut General Statutes § 33-900.

**BACKGROUND**

Plaintiffs allege the following facts that are taken to be true for purposes of ruling on this motion.

Plaintiffs are minority shareholders of P-Q.  Commencing in January 2001, defendants Schuman and P-Q have engaged in unauthorized and self-dealing transactions, including P-Q's payment of $32 million in salary to defendant Schumann for his role as President; P-Q's payment of $3.5 million to defendant Schumann for loans made by defendant Schumann to P-Q; P-Q's payment of $4.4 million to defendant Schumann for the lease of property used as P-Q's headquarters; payment of approximately $3.5 million to Exec-Jet, Inc., an entity wholly owned by defendant Schumann, for the lease of airplanes; and a series of transactions between P-Q and P-Q Maine, Inc., an entity wholly owned by defendant Schumann.

Between 2001 and 2008, no board meetings or shareholder meetings were held for approval of transactions as required by state law, Connecticut General Statutes §§ 33-783 and 33-784.

On May 7, 2009, defendant Schumann sent plaintiffs notice of the annual meeting of shareholders to be held on May 22, 2009.   He attached to the notice proposed amendments to P-Q's bylaws.  Such meeting had not been held in more than ten years.

On May 22, defendant Schumann convened a meeting of P-Q's shareholders to adopt amended bylaws.  Defendant Schumann, who was the only shareholder in attendance, voted to adopt the Amended Bylaws, which then permitted him to elect himself to serve as the single Director.

Plaintiffs have not received any distributions from P-Q since the third quarter of

2

2008. Plaintiffs have not received any financial statements from P-Q for either 2009 or 2010.

## DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "challenges the court's statutory or constitutional power to adjudicate the case before it." 2A James W. Moore et. al., Moore's Federal Practice, ¶ 12.07, at 12-49 (2d ed. 1994). Once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the party asserting such jurisdiction. See Thomson v. Gaskill, 315 U.S. 442, 446 (1942).

The function of a motion to dismiss under FRCP 12(b)(6) is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss for failure to state a claim, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

### Standing

Defendants assert that plaintiffs lack standing to bring their claims directly rather than derivatively against defendants. Plaintiffs counter that they have been injured as individuals separate from the corporation and therefore have a direct cause of action.

To establish standing, plaintiffs must allege that (1) they have suffered an injury in

3

fact, (2) which is fairly traceable to the challenged action of defendants, and (3) which is likely to be redressed by the requested relief.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992).

Fraud and Breach of Fiduciary Duty

The Connecticut Supreme Court has explained that, in most instances, individual stockholders cannot sue corporate officers at law on the basis of corporate mismanagement that has rendered their stock of less value.  Yanow v. Teal Industries, Inc., 178 Conn. 262, 281-82 (1979).  The injury is generally not to the shareholder individually, but to the corporation and to the shareholders collectively who have the right to sue derivatively on behalf of the corporation alleged to be injured.  May v. Coffey, 291 Conn. 106, 114 (2009).  "[A] claim of injury, the basis of which is a wrong to the corporation, must be brought in a derivative suit, with the plaintiff proceeding secondarily, deriving his rights from the corporation which is alleged to have been wronged."  Fink v. Golenbock, 238 Conn. 183, 200 (1996).  According to Connecticut statutory law, "[w]henever any corporation or any unincorporated association fails to enforce a right which may properly be asserted by it, a derivative action may be brought by one or more shareholders or members to enforce the right, provided the shareholder or member was a shareholder or member at the time of the transaction of which he complained or his membership thereafter devolved on him by operation of law."  Conn. Gen. Stat. § 52-572j(a).

"[I]f the injury is one to the plaintiff as a stockholder, and to him individually, and not to the corporation, as where an alleged fraud perpetrated by the corporation has affected the plaintiff directly, the cause of action is personal and individual."  Yanow, 178

4

Conn. at 282. In <u>Yanow</u>, the plaintiff had a separate and distinct injury because he had alleged that the corporate officer's fraudulent conduct had depressed the value of his stock shares so that the shares could be purchased for less than fair market value. <u>Id.</u> at 267 ("these causes of action are based upon alleged unlawful acts relating soley to the stock owned by the plaintiff ...."). Nevertheless, even a sole shareholder does not have standing to allege wrongs to the corporation. <u>Smith v. Snyder</u>, 267 Conn. 456, 461 (2004).

In this instance, plaintiffs have alleged that defendants' self-dealing and mismanagement has caused P-Q to underperform and earn substantially less income. Plaintiffs complain that they have not received any distributions since 2008. However, in the counts of fraud and breach of fiduciary duty, the harms asserted–corporate fraud, looting and mismanagement–represent damage sustained by the corporation. Plaintiffs have not asserted any injuries that are separate and distinct from that suffered by the corporation or where the remedy should belong to the shareholders rather than to the corporation. <u>See</u> <u>Fink</u>, 238 Conn. at 201. Accordingly, as to the first two counts, the Court will grant the motion to dismiss for lack of standing but will permit plaintiffs to amend the complaint.

<u>Receivership and Dissolution</u>

Plaintiffs maintain that the claim for receivership and dissolution may be brought directly pursuant to the plain language of Connecticut General Statutes § 33-896(a)(1), which provides for dissolution by a superior court:

> In a proceeding by a shareholder if it is established that: (A) (i) The directors are deadlocked in the management of the corporate affairs, (ii) the shareholders are unable to break the deadlock, and (iii) irreparable injury to the corporation is

>threatened or being suffered or the business and affairs of the corporation can no longer be conducted to the advantage of the shareholders generally, because of the deadlock; (B) the directors or those in control of the corporation have acted, are acting or will act in a manner that is illegal, oppressive or fraudulent; (C) the shareholders are deadlocked in voting power and have failed, for a period that includes at least two consecutive annual meeting dates, to elect successors to directors whose terms have expired; or (D) the corporate assets are being misapplied or wasted.

Plaintiffs argue that the reference to a proceeding by a "shareholder" contemplates a direct rather than derivative cause of action for dissolution and receivership. In construing a state statute, the court should "presume that laws are enacted in view of existing relevant statutes." State v. John F.M., 285 Conn. 528, 546 (2008). The Court should not consider extratextual evidence if the meaning of the statute is plain and unambiguous after examination of the text and its relationship to relevant statutes. Conn. Gen. Stat. § 1-2z.

Defendants point out that the words "a shareholder" is also used in Connecticut's statute devoted to the standards for derivative action standing, Connecticut General Statutes § 33-721. However, Section 33-896 is silent as to the type of action that may be brought to pursue a judicial dissolution.

State superior courts have noted that the legislature sought to protect shareholders of closely held corporations when it enacted Section 33-896. Johnson v. Gibbs Wire & Steel Co.,Inc., 2010 WL 4276768 (Conn. Sup. Ct. 2010). The stock of closely held corporations is generally not readily salable and a minority shareholder "at odds with management policies may be without either a voice in protecting his or her interests or any reasonable means of withdrawing his or her investment." Matter of Kemp and Beatley, Inc., 64 N.Y.2d 63, 72-73 (1984).

However, the Connecticut legislature has enacted a statutory scheme that gives a voice to that minority shareholder, who can file for appointment of receiver and dissolution when faced with corporate mismanagement. After filing a petition for dissolution, the corporation may purchase for the fair market value the shares of the "petitioning shareholder's shares, and if the corporation declines, the remaining shareholders may purchase such shares. Conn. Gen. Stat. § 33-900. Further, after a hearing upon the shareholder's petition for dissolution, the court may appoint a custodian to manage the corporation or a receiver to wind-up and liquidate the corporation. Conn. Gen. Stat. § 33-898. Accordingly, Section 33-896 and the related statutes provide a remedy for a shareholder oppressed by corporate malfeasance. The Court will allow plaintiffs to proceed with their direct action for appointment of receiver and dissolution against defendants.

<u>Motion to Purchase Shares</u>

Defendant P-Q requests that the Court grant permission for it to buy out the plaintiffs' shares pursuant to Connecticut General Statute § 33-900(b). Although P-Q seeks to file this election beyond the ninety days provided by Section 33-900, the statute provides that the Court may in its discretion allow such action at a later time. The Court finds that good cause exists for allowing defendant to pursue a buy-out of the plaintiffs' shares. The buyout will eliminate the need for a judicial dissolution as sought by plaintiffs and therefore allow P-Q to remain in business. Further, the purchase of plaintiffs' shares will allow for plaintiffs to receive their financial interest in P-Q. The Court will also stay the proceedings related to the plaintiffs' motions for preliminary relief so that a fair valuation of plaintiffs' shares may proceed.

**CONCLUSION**

For the foregoing reasons, the motion to dismiss [doc. #33] is GRANTED without prejudice as to the counts for fraud and breach of fiduciary duty, and is DENIED as to count three for appointment of a receiver and dissolution.  Defendants' motion to purchase shares is GRANTED [doc. #76], and the Court STAYS all proceedings related to plaintiffs' motions for preliminary relief.

Consistent with this ruling, plaintiffs may replead counts one and two within fifteen days of this ruling's filing date, and defendant P-Q should commence the process of electing to purchase plaintiffs' shares within ten days of this ruling's filing date.

_____/s/_____
Warren W. Eginton
Senior United States District Judge

Dated this _5th__ day of June 2012 at Bridgeport, Connecticut.